FRANCOIS GRISEL *v.* STEAMER OLIVIA and Owners.

Where a butcher has supplied the steward of a boat with meat, the vessel is liable for the price, although there may have been, without the knowledge of the butcher, a private contract between the owners and the steward, by which the latter had leased the eating department of the vessel.

A person called in warranty may be a witness for the plaintiff in the suit, where his interest, if he has any, is identical with that of the defendant.

APPEAL from the First District Court of New Orleans, *Larue,* J. *C. Dufour,* for plaintiff. *C. Roselius,* for defendant. The judgment of the court was pronounced by

ROST, J. The plaintiff, who is a butcher, sues the defendants on a bill of meat furnished to the steamer Olivia, through her steward *A. Feuille.*

The defendants pleaded a special contract, by which their steward had leased the eating department of the steamer. They denied their liability and called him in warranty; he answered, stating the bill of the plaintiff to be correct, and that the provisions therein detailed had been used on board of the boat.

There was judgment in favor of the plaintiff against the defendants for the amount claimed, with privilege on the steamer Olivia, and a like judgment in favor of the defendants against the warrantor, *Feuille,* on his contract with them. The defendants have appealed.

On the trial below, the plaintiff offered *Feuille* to prove that their claim was correct, and that the defendants were responsible therefor. The defendants objected to the competency of this witness, on the ground that he was a real party to the record, and that he had both a ·direct and indirect interest in the issue of this suit adverse to that of the defendants. The court admitted the testimony, and the defendants' counsel took a bill of exceptions.

We do not think that the citing of *Feuille* in warranty, makes him a party to the suit in the sense that excludes him as a witness. His interest in the event of the suit, if he had any, would be identical with that of the defendants who have called him in warranty; but we are of opinion that he has no interest in the event of the suit. The evidence was admitted on the ground that no such interest existed, inasmuch as whatever might be the decision as between the plaintiff and defendants, it would not affect the liability of *Feuille* under his contract with the defendants. In this opinion we concur.

On the merits, *Fueille* was originally the steward of the steamer Olivia, and in the habit of purchasing daily supplies for its use. During the continuance of his employment, he made a contract with the defendants, by which, for the consideration therein stated, he bound himself to keep, for his own account, on board of the boat a restaurat for the convenience of passengers ; and at the same time to feed the officers and crew, about twenty in number; to provide servants for the boat, and to have all the washing of the linen of the boat properly done.

This contract was never made public ; and the plaintiff who had been furnishing meat to the boat, continued to do so without being aware of its existence. It is clear that he gave credit to the boat alone, and as he was justified by the course of conduct of the defendants in believing that he was dealing with the boat, the judgment must be affirmed.

The judgment is therefore affirmed, with costs.